UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:20CR81 (RAR) |
| | : | |
| v. | : | |
| | : | |
| TADEUSZ MALKOWSKI | : | February 17, 2021 |

THE GOVERNMENT'S CONSOLIDATED SENTENCING MEMORANDUM

On April 17, 2020, Continental Machine Tool, Inc. ("CMT") and its principal owner Tadeusz ("Ted") Malkowski each pled guilty to a single count of failure to maintain firearms records in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(B), a misdemeanor.   The Court is scheduled to sentence the defendants on February 25, 2021, but defendants' motion to continue the sentencing to a date in mid-March is pending. The government does not oppose the motion to continue.   The Pre-Sentence Reports for both defendants are also pending.   In any event, the government is submitting this initial consolidated memorandum as to its sentencing position for both defendants and respectfully reserves the right to submit a supplemental memorandum upon review of the PSRs after they are completed.

CMT, located in New Britain, Connecticut, is a small privately-held machine shop, which in 2014 consisted of approximately 25-30 employees and primarily machined component parts for aerospace defense contractors.   CMT was also a Federal Firearms Licensee ("FFL") and a lesser part of its operations was to manufacture firearm frames and receivers for various well-known firearms manufacturers such as Stag Arms, Rock River, Smith &Wesson and Tavor, among others.   Ted Malkowski is the owner of CMT and was the designated responsible person

1

for CMT's FFL, and his obligations as the responsible person including ensuring CMT's compliance with federal record-keeping requirements applicable to FFLs.   As a result of the record-keeping violations that occurred in this matter, CMT's FFL was revoked in 2015 and CMT has not been in the firearms business since that time.   As part of the misdemeanor resolution of these matters, CMT and Ted Malkowski have agreed not to seek an FFL at any time in the future, effectively a lifetime ban for both.

On two prior occasions, first in 2010 and again 2011, ATF cited CMT administratively for various regulatory violations, including record-keeping violations.   In July and August 2014, ATF industry inspectors conducted a regulatory inspection at CMT's premises and again found record-keeping violations similar to the 2011 violations.   In particular, ATF inspectors located a locked room which contained numerous completed handguns, four of which were not included in CMT's acquisition and disposition ("A&D") records as required by federal law.   Indeed, it is required that Federal Firearms Licensed Manufacturers maintain records of firearms manufacture, acquisition and disposition (*see* 18 U.S.C. § 922(m), 27 CFR § 478.123(a) and 27 CFR § 478.123 (b)) and ATF Ruling 2012-1).   Both CMT and Ted Malkowski as responsible person on CMT's FFL failed to take steps to ensure that these four completed firearms were accounted for in CMT's A&D records despite being aware from the prior incidents in 2010 and 2011 that such record-keeping was required under 18 U.S.C. Section 922(m).

Some additional context to this offense conduct and disposition reached by the parties deserves mention.   During the course of the ATF inspection in 2014, inspectors found numerous lower receivers for AR-15 type firearms that also had not been accounted for in CMT's A&D records.   These lower receivers are not completed firearms and do not look like anything like a

completed firearm as a layperson might picture an AR-15.   This is what a lower receiver looks like:



The lower receivers are a component part of an eventually completed firearm as a layperson might understand and picture a firearm.   However, ATF considers lower receivers to be a "firearm" within the meaning of the relevant ATF regulations applicable to FFLs and statutes.   The Amended Gun Control Act (GCA) of 1968 defines a firearm as "...any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive…[and]…the frame or receiver of any such weapon" (see 18 U.S.C § 921(a)(3)).   The statute does not define "frame or receiver."   ATF adopted a gap-filling regulation that defines the terms "frame or receiver" as "that part of a firearm which provides housing for the hammer, bolt or breachlock, and the firing mechanism, and which is usually threaded at its forward position to receive the barrel."   Under the GCA, it is required that firearms manufacturers identify each firearm with a serial number, in such manner as the Attorney General shall by regulations provide (see 18 U.S.C. § 923(i)).    It is also required that licensed manufacturers record the serial number of each complete firearm manufactured or otherwise acquired not later than the seventh day following the date of manufacture/acquisition (see CFR § 478.123(a)).   Furthermore, it is required that Federal Firearms Licensed Manufacturers maintain records of firearms manufacture, acquisition and disposition (see 18

3

U.S.C. § 922(m), 27 CFR § 478.123(a) and 27 CFR § 478.123 (b)) and ATF Ruling 2012-1).   In late 2019, during the pendency of this investigation of CMT and Ted Malkowski, a federal district court held that lower receivers were not firearms within the meaning of the Gun Control Act.   *See United States v. Rowold*, 429 F. Supp. 3d 469 (N.D. Ohio, 2019).   Following this decision, the government and the defendants entered into the plea agreement to dispose of this matter solely as to the four completed guns which were found during the inspection and not included in the A&D records.

Under 18 U.S.C. § 3553(a), the Court must consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to "afford adequate deterrence to criminal conduct" by the public and "to protect the public from further crimes of the defendant."   An appropriate sentence must also take into account "the history and characteristics of the defendant."   *See* 18 U.S.C. §3553(a).

In light of their prior history of having been administratively cited for regulatory violations in 2010 and 2011, the defendant's conduct in the instant matter is best characterized as a blatant disregard of federal firearms regulations of which they were on notice.   The initiation of this criminal prosecution against both defendants for misdemeanors was a necessary and incremental escalation which is just punishment for their continued illegal conduct after CMT had been previously cited.   Further, prosecution of both defendants serves as a deterrent to those in positions of leadership in the firearms manufacturing industry that there must be strict compliance with firearms laws that are on the books and that violations will have serious consequences for the companies and their leaders.   By properly marking and serializing

4

firearms, accurately maintaining records in conformity with the Gun Control Act, gun manufacturers are the first line of defense in ensuring that firearms are traceable and do not fall into the wrong hands.    Connecticut and the New England region have one of the largest concentrations of major manufacturers in the country.    When federal firearms licensees ignore or disregard their responsibilities under the Gun Control Act, they put public safety at risk and will be held accountable.    In addition to the deterrent effect, the prosecution of CMT and Mr. Malkowski and the proposed disposition also promote respect for the law.

Following the 2014 inspection and the discovery of the violations at issue in this investigation, the government recognizes that CMT and Malkowski did take remedial steps to address the violations.    Further, ATF revoked CMT's FFL.    As part of the disposition in this case, both CMT and Malkowski agreed to lifetime bans from seeking to be an FFL or a responsible person for an FFL.    An extensive amount of time has passed since the 2014 inspection and the defendants have not violated that agreement and there have been no further such violations.    Accordingly, the government believes that the lifetime ban serves as adequate protection for the public from any further violations by the defendants.    The government also understands that CMT employs a number of individuals who depend on CMT for their livelihoods and that loss of the firearms business affected a significant portion of its operations. It is the government's understanding that Ted Malkowski and his spouse have utilized a significant amount of their retirement savings to offset the financial consequences to CMT and to maintain CMT as a viable enterprise for aerospace defense contracting.    Thus, CMT and Ted Malkowski also have incurred significant financial consequences as a result of their offense conduct.

In summary, the government respectfully submits that a misdemeanor conviction for both defendants, the permanent revocation of CMT's FFL, a lifetime ban for Ted Malkowski from acting as a responsible person in connection with a federal firearms licensee, the attendant financial consequences and a period of probation are sufficient to serve all the purposes of a criminal sentence, with the following caveat.   The government has not had the opportunity to review any financial analysis in the PSR as to the defendants' ability to pay a fine beyond the financial consequences incurred this far.   Pending review of that analysis, the government respectfully reserves the right to address the Court in a supplemental filing whether a fine is warranted.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/_____
S. DAVE VATTI, ct11957
ASSISTANT UNITED STATES ATTORNEY
Office of the U.S. Attorney
450 Main Street, Room 328
Hartford, CT 06103
860-947-1101

## CERTIFICATION

I hereby certify that on February 17, 2021, the foregoing Consolidated Sentencing Memorandum was filed electronically.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.   Parties may access this filing through the Court's system.

/s/_____
S. Dave Vatti
Assistant U.S. Attorney